JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

Case No.    **CV 15-417-JFW (PJWx)**                                    Date: April 17, 2015

Title:      Alejandro Vizcaino -v- Areas USA, Inc., et al.

---

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                                   **None Present**
    **Courtroom Deputy**                                 **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                              None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [filed 3/12/15; Docket No. 26]**

       On March 12, 2015, Defendant Areas USA, Inc. ("Defendant") filed a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"). On March 23, 2015, Plaintiff Alejandro Vizcaino ("Plaintiff") filed his Opposition. On March 30, 2015, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's April 13, 2015 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I.    Factual and Procedural Background

       On January 13, 2015, Plaintiff filed a Complaint against Defendant in Los Angeles Superior Court, alleging causes of action for: (1) gender discrimination-sexual harassment/retaliation in violation of California's Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act; and (2) wrongful termination in violation of public policy in violation of FEHA and Title VII of the Civil Rights Act. On January 21, 2015, Defendant removed this action to this Court.

       On February 4, 2015, Defendant filed a Motion to Dismiss Plaintiff's Complaint. On February 19, 2015, the Court granted Defendant's Motion to Dismiss, and dismissed Plaintiff's Complaint, but granted Plaintiff leave to file an Amended Complaint. On February 26, 2015, Plaintiff filed his First Amended Complaint, alleging causes of action for: (1) gender discrimination

in violation of FEHA; (2) retaliation[1]; (3) wrongful termination in violation of public policy; and (4) negligent retention.[2]  In its Motion to Dismiss, Defendant seeks dismissal of Plaintiff's First Amended Complaint in its entirety.

## II.   Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further

---

[1] The second cause of action for retaliation is mistakenly entitled "second cause of action for gender discrimination in violation of FEHA."  First Amended Complaint ("FAC"), 5:3-4.

[2] Plaintiff's fourth cause of action is mistakenly labeled as the fifth cause of action in the First Amended Complaint.

amendment would be futile.").

III. Discussion

    A. **Plaintiff Failed to Exhaust His Administrative Remedies with Respect to His Claims for Gender Discrimination and Retaliation (and any Sexual Harassment Claim He Purportedly Alleged).**

    To bring a claim under FEHA, a plaintiff must first exhaust the administrative remedy provided by the statute, namely filing a complaint with the DFEH and obtaining a right-to-sue notice based on violations of FEHA. *Blum v. Superior Court*, 141 Cal. App. 4th 418, 422 (2006). The timely filing of an administrative complaint is a jurisdictional prerequisite to the bringing of a civil action for damages under FEHA. *Id.* (*citing Medix Ambulance Service, Inc. v. Superior Court*, 97 Cal. App. 4th 109, 116 (2002)); *see also Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) ("Exhaustion of administrative remedies is 'a jurisdictional prerequisite to resort to the courts.'"). Section 12960(b) of the California Government Code specifically provides:

> Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the department. The director or his or her authorized representative may in like manner, on his or her own motion, make, sign, and file a complaint.

Exhaustion of administrative remedies must be affirmatively pled. *See Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345 (2014) (holding that "it is 'plaintiff's burden to plead and prove timely exhaustion of administrative remedies, such as filing a sufficient complaint with [DFEH] and obtaining a right-to-sue letter'") (*citing Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006)); *Ware v. Cnty. of Sacramento, Office of Pub. Defender*, 2006 WL 2829979, at *3 (E.D. Cal. Sept. 29, 2006) (granting motion to dismiss on basis that plaintiff "has failed to plead exhaustion of his administrative remedy prerequisite to bringing his claim under the California FEHA").

    In this case, Plaintiff alleges in the First Amended Complaint that he "has exhausted his administrative remedies by timely filing charges of discrimination with the Department of Fair Employment and Housing" and that DFEH "has issued to Plaintiff a right to sue letter." FAC, ¶ 9. In addition, the right-to-sue notice issued by DFEH on January 14, 2014 and Plaintiff's DFEH complaint are attached to the First Amended Complaint as Exhibit 1.

    However, a careful examination of his DFEH complaint reveals that Plaintiff wholly failed to "set forth the particulars" of the alleged violations of FEHA and his DFEH complaint did not contain the "other information [that] may be required," including facts and theories to support the alleged violations of FEHA. *See* Cal. Gov. Code §12960(b); *Martin v. Lockheed Missiles & Space* Co., 29 Cal. App. 4th 1718, 1724 (1994) (holding that before a plaintiff can sue on an allegedly unlawful act, the plaintiff "must [have] specif[ied] that act in the administrative complaint"). Plaintiff's DFEH

complaint contains only vague and conclusory allegations of sexual harassment, a claim that is not even alleged in the FAC[3], and his DFEH complaint does not contain any facts whatsoever that could be construed as a claim based on gender discrimination. In addition, his DFEH complaint contains only a vague conclusion related to retaliation. *See* FAC, Exh. 1 ("The complainant was terminated when he complained about … his supervisor's sexual advances."). Accordingly, the Court concludes that because Plaintiff's DFEH complaint is deficient, Plaintiff has failed to exhaust his administrative remedies under FEHA with respect to his gender discrimination claim, his retaliation claim, and any sexual harassment claim he may have intended to but did not include in his First Amended Complaint. *See Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890 (1985) (dismissing claim brought under FEHA on the basis that the plaintiff failed to exhaust the administrative remedies and holding that "[plaintiff] could not maintain a civil action alleging violations of the FEHA until after she had exhausted her administrative remedies pursuant to the FEHA").

Accordingly, Plaintiff's first cause of action for gender discrimination – sexual harassment and Plaintiff's second cause of action for retaliation are dismissed, and because amendment is futile, these claims are dismissed without leave to amend.[4]

---

[3] Although Plaintiff does not even attempt to allege a claim for sexual harassment in his First Amended Complaint, he erroneously claims in his First Amended Complaint that he "has stated a prima facie case of discrimination, sexual harassment, retaliation, and negligent retention." FAC, ¶ 6.

[4] Plaintiff references Title VII in his First Amended Complaint. *See*, FAC, ¶ 7. However, it is not clear if Plaintiff intended to allege claims for gender discrimination, retaliation, and sexual harassment under Title VII based upon this reference. To the extent Plaintiff did intend to allege these claims, these claims are dismissed because Plaintiff failed to exhaust his administrative remedies. Similar to FEHA, in order to bring a claim under Title VII, a plaintiff must first file an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") and obtain a right-to-sue notice based on violations of Title VII. The timely filing of a verified administrative complaint and exhaustion of that remedy is a prerequisite to suing for damages under Title VII. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) ("A discriminatory act which is not made the basis for a timely charge is . . . merely an unfortunate event in history which has no present legal consequences").

Although DFEH and EEOC have work-sharing agreements, which may permit charges that are filed with one agency to be "constructively" filed with the other agency, "a state right-to-sue notice does not satisfy EEOC requirements," and, thus, a state agency's right-to-sue notice cannot be substituted for a right-to-sue notice from the EEOC. *See Roman v. Cnty. of Los Angeles*, 85 Cal. App. 4th 316, 326 (2000). In addition, Plaintiff's right-to-sue notice from DFEH expressly warns that, to obtain a federal right-to-sue notice, Plaintiff must file an administrative complaint with the EEOC "within 30 days of receipt of the DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier." FAC, Ex. 1. Because Plaintiff's DFEH right-to-sue notice was issued on January 14, 2014, the time for Plaintiff to file an administrative complaint with the EEOC has lapsed. Thus, any alleged violations under Title VII that Plaintiff may have attempted to allege are dismissed, and because amendment is futile, they are dismissed without

### B.   Plaintiff Has Failed to State a Claim for Gender Discrimination.[5]

To establish a prima facie case of gender discrimination, a plaintiff must show that he "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000).  A plaintiff "must at least show 'actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a [prohibited] discriminatory criterion.'"  *Id*.  Circumstances suggesting discriminatory motive have been found where a plaintiff is treated differently than a similarly situation employee who does not belong to the same protected class as plaintiff.  *See, e.g., Brown v. FPI Mgmt., Inc.*, 2012 WL 629182, at *3 (N.D. Cal. Feb. 27, 2012).  Thus, to sustain his gender discrimination claim, Plaintiff must show "that gender is a substantial factor in the discrimination, and that if [he] had [not] been a man [he] would not have been treated in the same manner." *Kelly v. Conco Companies*, 196 Cal. App. 4th 191, 203 (2011) (citations omitted).

In this case, Plaintiff merely includes conclusory allegations in support of his claim of gender discrimination, and, therefore, he has failed to adequately allege a claim for gender discrimination in his First Amended Complaint.  For example, Plaintiff alleges in conclusory fashion that he was performing his job competently, without offering any facts in support of that conclusion.  *See*, FAC, ¶ 7 ("Plaintiff was qualified to perform his position and did perform competently in that position until his termination").

In addition, Plaintiff fails to plead facts demonstrating that he was terminated because of his gender.  *See Jones*, 152 Cal. App. 4th at 1380 ("[T]here is no nexus shown between the coworkers' conduct and Jones's gender or race; therefore, she cannot make out a claim for discrimination").  Instead, Plaintiff alleges only that he "was suspended and terminated immediately after (the same day) refusing to comply with and complaining about the homosexual advances made at him by his supervisor Estoban."  FAC, ¶ 7.  This allegation fails to establish that Plaintiff suffered an adverse employment action due to a discriminatory motive.  Moreover, Plaintiff fails to identify to whom he complained, what he said when he lodged his complaint, and who terminated him.  Thus, there are simply no facts alleged to support Plaintiff's conclusion that his termination was motivated by – or even related to – his gender.

Accordingly, Plaintiff's first cause of action for gender discrimination is dismissed, and

---

leave to amend.

[5]  Plaintiff's claims for gender discrimination, sexual harassment, and retaliation must be dismissed because Plaintiff failed to exhaust his administrative remedies.  However, even if Plaintiff had exhausted his administrative remedies with respect to these claims, Plaintiff's claims for gender discrimination, sexual harassment, and retaliation still must be dismissed because Plaintiff has failed to state claim for the reasons stated in Sections III(B), (C), and (D).

because amendment is futile[6], it is dismissed without leave to amend.[7]

### C. Plaintiff Has Failed to State a Claim for Sexual Harassment.

Under FEHA, there are "two theories of liability for sexual harassment claims . . . quid pro quo harassment, where a term of employment is conditioned upon submission to unwelcome sexual advances . . . [and] hostile work environment, where the harassment is sufficiently pervasive so as to alter the conditions of employment and create an abusive work environment." *Hughes v. Pair*, 46 Cal.4th 1035, 1043 (2009).  To the extent Plaintiff has attempted to allege a claim for sexual harassment, it appears to be a hostile work environment claim.  To state a claim for hostile work environment, Plaintiff must demonstrate that: (1) he was an employee of Areas; (2) that he was subjected to unwanted harassing conduct because he is a man; (3) that the harassing conduct was severe or pervasive; (4) that a reasonable man in his circumstances would have considered the work environment to be hostile or abusive; (5) that he considered the work environment to be hostile or abusive; (6) that a supervisor engaged in the conduct; (7) that he was harmed; and (8) that the conduct was a substantial factor in causing his harm.  *Id*.  In addition, Plaintiff must show that "the harassing conduct was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their sex . . . [T]he existence of a hostile work environment depends upon the totality of the circumstances."  *Hughes*, 46 Cal.4th at 1043–44 (internal citations omitted).

In this case, Plaintiff fails to allege several of the necessary elements of a sexual harassment claim, and offers only conclusory allegations as to others.  For example, Plaintiff merely concludes that he was subjected to unwanted harassing conduct because he is a man.  *See* FAC ¶ 6 ("The harassment/sexual advances were directed at plaintiff because he was male.  In other words, Plaintiff's male supervisor, Estoban, subjected plaintiff to homosexual advances because Plaintiff was male").

In addition, Plaintiff fails to offer any allegations – conclusory or otherwise – that the harassment was "severe" or "pervasive"; that a reasonable man in his circumstances would have considered the environment hostile; that Plaintiff himself considered the environment hostile; or that the alleged harassment was a substantial factor in causing Plaintiff harm.

---

[6]  Plaintiff has already been given an opportunity to amend his Complaint, and his First Amended Complaint contains the same pleading deficiencies found in his original Complaint.  In addition, Plaintiff has failed to suggest or provide any facts in his Opposition that would cure the deficiencies in his First Amended Complaint.

[7]  Because the standard for alleging a violation of gender discrimination is the same under FEHA and Title VII, any Title VII gender discrimination claim alleged by Plaintiff fails for the same reasons that his FEHA gender discrimination claim fails.  *Guz*, 24 Cal. 4th at 355 ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes . . . California has adopted the three-stage burden-shifting test established by the United States Supreme Court for trying claims of discrimination . . . based on a theory of disparate treatment").

Accordingly, Plaintiff's first cause of action for sexual harassment is dismissed, and because amendment is futile, it is dismissed without leave to amend.[8]

### D. Plaintiff Has Failed to State a Claim for Retaliation

To assert a prima facie retaliation claim under FEHA, "the plaintiff must show that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." *Strother v. S. California Permanente Med. Grp.*, 79 F.3d 859, 868 (9th Cir. 1996) (*citing Flait v. North American Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992)). "Protected activity" means that the employee "has opposed any practices forbidden under [FEHA] or . . . has filed a complaint, testified, or assisted in any proceeding under [FEHA]." Cal Gov't Code § 12940(h). A showing that a plaintiff engaged in protected activity requires that plaintiff demonstrate that he "voiced . . . allegations of unlawful discrimination" prior to being subjected to an adverse employment action. *Rhodes v. Elec. Data Sys. Corp.*, 2007 WL 1988750, *7 (E.D. Cal. July 3, 2007). To qualify as a "protected activity," the employee's communications to the employer must sufficiently convey a reasonable concern that the employer has acted in an unlawful discriminatory manner. *See, e.g., Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) (internal citations omitted) ("The question here is whether [Plaintiff's] refusal to follow [Defendant's] directive qualifies under the first category – that is, whether by refusing the directive, [Plaintiff] opposed any practices forbidden under the [FEHA]").

In this case, Plaintiff has failed to plausibly allege a claim for retaliation in his First Amended Complaint. For example, in an effort to show that he was engaged in a protected activity, Plaintiff merely states that he was "suspended and terminated the same day after he complained about the homosexual advances made at him by his supervisor Estoban." FAC, ¶ 10. Plaintiff further alleges that, at some unknown time on the same day, he overheard "'Maria' to whom he also reported the harassment speaking to the alleged harasser, Estoban about his complaint." FAC, ¶ 10. However, Plaintiff fails to allege the nature of his complaint, to whom (other than Maria) he made the complaint, and fails to even identify Maria's title or her position. Thus, Plaintiff has failed to demonstrate that he engaged in a protected activity by complaining about the alleged discrimination to his employer. *See Villanueva v. City of Colton*, 160 Cal. App. 4th 1188, 1198 (2008) (dismissing retaliation absent showing that plaintiff "ever engaged in a protected activity related to an employment practice proscribed by the FEHA").

In addition, even assuming Plaintiff has adequately alleged that he was somehow engaged in a protected activity, he has failed to allege the required causal connection between his alleged complaints and his termination. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2521 (2013) (holding that "retaliation claims require proof that the desire to retaliate was the but-for

---

[8] Because the standard for alleging a claim for sexual harassment is the same under FEHA and Title VII, any Title VII sexual harassment claim alleged by Plaintiff fails for the same reasons that his FEHA retaliation claim fails. *See, e.g., Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006) ("California courts have adopted the same [Title VII] standard for hostile work environment sexual harassment claims under the FEHA."); *see also Hughes v. Pair*, 46 Cal. 4th at 1044 ("Under California's FEHA, as under the federal law's Title VII, the existence of a hostile work environment depends upon 'the totality of the circumstances.'").

cause of the challenged employment action"). Plaintiff merely asserts that he was "suspended and terminated the same day after he complained about the homosexual advances" (FAC, ¶ 10) and that he "verbally reported the harassment . . . immediately prior to the suspension and termination." *Id.*, ¶ 6. However, because Plaintiff alleges that he was terminated *immediately* following his complaint without providing any further details, it is unclear if Plaintiff's termination was related to his complaint, or if his complaint was made in response to his termination. Moreover, Plaintiff's allegation that he overheard "Maria" discussing his complaint with Estoban the same day he complained fails to demonstrate any casual connection between Plaintiff's alleged complaints and his termination, because Plaintiff has failed to allege Maria's title or position or whether she was in any way responsible for or involved in Plaintiff's termination. Finally, Plaintiff fails to allege who, if anyone, he complained to (other than Maria), who actually terminated him, or if the person who actually terminated him was aware of his alleged complaint prior to his termination. Thus, Plaintiff has failed to allege any facts that plausibly support his claim that Defendant terminated him in retaliation for him engaging in a protected activity.

Accordingly, Plaintiff's second cause of action for retaliation is dismissed, and because amendment is futile, it is dismissed without leave to amend.[9]

### E.  Plaintiff Has Failed to State a Claim for Wrongful Termination in Violation of Public Policy.

To establish a prima facie case for wrongful termination in violation of public policy, Plaintiff must show that there was: (1) an employer-employee relationship; (2) termination or other adverse employment action; (3) the termination or adverse employment action must have been in violation of established public policy, such as termination or other adverse employment action in retaliation for an employee's participation in legally protected activity or refusal to commit an illegal act; and (iv) damages resulting from the adverse employment action. *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 174, 178 (1980); *Holmes v. General Dynamics Corp.*, 17 Cal. App. 4th 1418, 1428 (1993).

Initially, a termination in violation of public policy claim must implicate a fundamental public policy clearly established at the time of the termination.[10] Thus, to state a claim, Plaintiff must

---

[9] Because the standard for alleging a violation of retaliation is the same under FEHA and Title VII, any Title VII retaliation claim alleged by Plaintiff fails for the same reasons that his FEHA retaliation claim fails. *See, e.g., Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (setting out the three-part test for retaliation under Title VII and stating, "We examine FEHA claims under the same burden-shifting structure [as Title VII].").

[10] *See, e.g., Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 663 (1988) (California Supreme Court upheld trial court's ruling sustaining defendant's demurrer to plaintiff's "*Tameny* cause of action [stating that it] could not proceed [because] plaintiff failed to allege facts showing a violation of a fundamental public policy"); *Jennings v. Marralle*, 8 Cal. 4th 121, 130 (1994) (holding that "only termination in violation of a fundamental public policy expressed in a statute or a constitutional provision will support a wrongful discharge action"); *Stevenson v. Superior Court*, 16 Cal. 4th 880, 889-90 (1997) (holding that in order to support a wrongful

allege the violation of a public policy that is "fundamental," "firmly established," "beneficial for the public," and "embodied in a statute or constitutional provision." *Turner*, 7 Cal.4th at 1256; *Foley*, 47 Cal. 3d at 668. Indeed, "[e]ven where . . . a statutory touchstone has been asserted, [the court] must still inquire whether the discharge is against public policy and affects a duty which inures to the benefit of the public at large rather than to a particular employer or employee." *Foley*, 47 Cal. 3d at 669-71 (holding that termination allegedly for disclosing rumor that coworker was being investigated for embezzlement of former employer did not state claim for wrongful termination).

In this case, Plaintiff simply concludes that the "wrongful conduct of Defendants in terminating Plaintiffs [*sic*] employment violates a fundamental public policy . . . reflected in state and federal statutes prohibiting gender discrimination and sexual harassment and retaliation for reporting the same in employment" including FEHA, the California Constitution, and Title VII. FAC, ¶ 12. However, as discussed in detail above, Plaintiff has failed to allege a gender discrimination claim, a sexual harassment claim, or a retaliation claim. Because Plaintiff has failed to allege a violation of FEHA or Title VII, he cannot allege a claim for wrongful termination in violation of public policy based on those statutes. *See Jennings*, 8 Cal. 4th at 130 (holding that "only termination in violation of a fundamental public policy expressed in a statute or a constitutional provision will support a wrongful discharge action").

Accordingly, Plaintiff's third cause of action for wrongful termination in violation of public policy is dismissed, and because amendment is futile, it is dismissed without leave to amend.

### F. Plaintiff Has Failed to State a Claim for Negligent Retention.

"Liability for negligent . . . retention of an employee is one of direct liability for negligence, not vicarious liability . . . [and] [l]iability under this rule is limited by basic principles of tort law, including requirements of causation and duty." *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009) (citing Restatement (Third) of Agency § 7.05, cmt. c, p. 180). The rule "requires some nexus or causal connection between the principal's negligence in selecting or controlling an actor, the actor's employment or work, and the harm suffered by the third party." *Id.* (citing Restatement (Third) of Agency § 7.05, cmt. c, illus. 5, p. 180).

In addition, an employer "is not liable [for negligent hiring or retention] . . . merely because [an employee] is incompetent, vicious, or careless." *Robinson v. HD Supply, Inc.*, 2012 WL 5386293, at *8 (E.D. Cal. Nov. 1, 2012) (citation omitted). Rather, "an employer's duty . . . is breached only when the employer knows, or should know, facts which would warn a reasonable person that the employee presents an undue risk of harm . . . in light of the particular work to be

---

termination claim, "the policy must be 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual" and that employers must have adequate notice of the conduct that will subject them to tort liabilities); *Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 75 (1998) ("the employee's actions must further a policy affecting the public interest, which must be fundamental or substantial when the company discharges the employee"); *Rivera v. Nat'l R.R, Passenger Corp.*, 2001 WL 533706, at *4 (N.D. Cal. May 4, 2001) ("A claim of wrongful discharge in violation of public policy cannot be based on private interests that do not directly impact the public").

performed." *Federico v. Super. Ct.*, 59 Cal. App. 4th 1207, 1214 (1997) (emphasis added); *see also Molina v. City of Visalia*, 2014 WL 1329711, at *1 (E.D. Cal. Apr. 2, 2014) ("[N]egligence liability will only be imposed upon a supervisor or employer that 'knew or should have known' that the particular hiring/supervision decision or training practice 'created a particular risk or hazard'"). Thus "an employer's liability must be determined in the context of the specific duties the work entails," and liability arises only when the employer "antecedently had reason to believe that an undue risk of harm would exist because of the employment." *Federico*, 59 Cal. App. 4th at 1215.

In his negligent retention cause of action, Plaintiff fails to allege specific facts that would plausibly support this claim. For example, with respect to Defendant's "knowledge," Plaintiff generically alleges that "Defendants were aware that its former employee, Estoban was a sexual predator who had sexually harassed numerous male employees." FAC, ¶ 19. However, Plaintiff has alleged no facts even suggesting that Defendant had any knowledge of any alleged risk posed by Estoban, and Plaintiff's conclusory allegations are insufficient to state a claim. *See Molina v. City of Visalia*, 2014 WL 1329711, at *1 (granting motion to dismiss negligent training and retention claim and holding that "Plaintiffs have not set forth specific facts sufficient to suggest plausibly that Defendant Mestas or the City had any reason to know that their training practices or supervision decisions created a risk of harm. The Complaint is filled with generic assertions that address this issue. For example, Plaintiffs allege that the City and Mestas "knew, or in the exercise of reasonable diligence, should have known" that the involved police officers and other personnel . . . were dangerous and violent employees . . . But, the Complaint is totally devoid of specific factual allegations to support these conclusory assertions").

In addition, Plaintiff fails to plead causation, and asserts the mere conclusion that Defendant continued to employ Estoban, "[d]espite . . . knowledge of this fact . . . [and as] a result, Plaintiff was sexually harassed and fired when he complained of the same by this same employee." FAC, ¶ 19. Absent any facts to support causation, Plaintiff fails to state a claim. *See Ochoa v. City of Hayward*, 2014 WL 4088203, at *5 (N.D. Cal. Aug. 19, 2014) (granting motion to dismiss and holding that "[t]he Complaint fails to allege facts supporting the causation element of a negligence claim, including whether Chief Urban was actually involved in the hiring or retention decisions at issue").

Accordingly, Plaintiff's fourth cause of action for negligent retention is dismissed, and because amendment is futile, it is dismissed without leave to amend.

## IV. Conclusion

For all the foregoing reasons, Defendant's Motion is **GRANTED.** Plaintiff's First Amended Complaint is **DISMISSED without leave to amend**, and this action is **DISMISSED with prejudice**.

IT IS SO ORDERED.